**STATE ex DAVIS v PLAPP**

Ohio Appeals, 1st Dist, Butler Co

Decided Nov 10, 1937

Clinton Egbert, Hamilton, for relator.
Pater & Pater, Hamilton, for respondent.

## OPINION

By HAMILTON, J.

This is an original action in quo warranto, instituted in this court on the relation of Donald Davis against the defendant Louis Plapp.

The defendant demurs to the relator's petition. The demurrer is to the effect that the petition does not state facts which show a cause of action.

In his petition, the relator recites that he was appointed by the Common Pleas Court of Butler County, Ohio, as a member of the Soldiers' Relief Commission of Butler County, Ohio, on the 31st day of

December, 1936, for a term ending May 3, 1939, and as such is duly commissioned and is lawfully entitled to exercise the powers and duties and to receive the fees and emoluments during said term, but that the defendant, Louis Plapp, has unlawfully acted as such officer, and is exercising and performing all and singular the duties pertaining to said office and receiving the fees and emoluments thereof, to the exclusion of the rights of the relator, and under claim that said Louis Plapp was appointed to said office by the Common Pleas Court of Butler County, Ohio. The relator prays that the defendant be required to answer by what warrant he claims to have, use, exercise, and enjoy said office of Soldiers' Relief Commissioner of Butler County, Ohio, and that he be adjudged not entitled thereto, and that a judgment of ouster be pronounced against him, and that the relator be given the office.

Whether or not the relator's petition states a cause of action requires a consideration of §2930, GC, which provides:

"There shall be a commission known and designated as 'the soldiers' relief commission,' in each county, composed of three persons, residents of the county, each of whom shall serve for three years, and wherever possible one member of said commission shall be a wife or widow or son or daughter of an honorably discharged soldier, sailor or marine of the civil war or of the Spanish-American war or of the world war. Two of the persons so appointed shall be honorably discharged soldiers, sailors or marines of the United States, one of whom, wherever possible, shall be a member of the United Spanish war veterans and the other shall be a member of the American Legion. On or before the first Monday in April of each year, a judge of the Common Pleas Court in such county shall appoint one commissioner for such term."

It will be noted that the statute provides that the appointment to the office of Soldiers' Relief Commissioner shall be made "on or before the first Monday in April of each year." It also provides that the appointment shall be made by a judge of the Common Pleas Court, and that the appointment shall be for a term of three years. There is no other designation as to the commencement or the ending of the term. From a reading of the statute, the meaning is clear that the appointment shall be made on or before the first Monday in April, and that the term shall commence on the first Monday in April, and continue for a period of three years.

The petition alleges that the relator's appointment was made on the 31st day of December, 1936, for a term ending May 3, 1939. The statute provides no such term, to which the relator could be appointed.

Sec 2931, GC, provides for the filling of any vacation occurring in the membership of the Soldiers' Relief Commission for the unexpired term.

The court must take judicial notice of the state laws applying to the litigated case.

Under the allegations of the petition, we have a situation wherein the relator was appointed for a term unknown to the law, and such appointment could not have any validity unless it was for the purpose of filling a vacancy in the office. In construing the petition, we cannot indulge the presumption that the court acted within the law, for the reason that the court is only acting in an administrative capacity, and, even so, we would have to indulge the presumption that Plapp, the defendant's appointment was within the law, for the reason that he was appointed by the Common Pleas Court on or before the first Monday in April. If a vacancy occurred in the Commission, under the authority of §2931, GC, the judge of the Common Pleas Court could make an appointment to fill the vacancy for the unexpired term.

The allegation that the relator was duly commissioned and is lawfully entitled to exercise the powers and duties and receive the fees and emoluments as Commissioner of the Soldiers' Relief Commission of Butler County, Ohio, is a mere conclusion, since that is the principal question to be determined.

It is suggested that quo warranto is not the remedy to try the right to this office. §12303 GC, gives such right. The action would therefore be a proper action under proper allegations.

It is also suggested that the question of the relator's term and his appointment should be raised by answer of the defendant. That would be placing the affirmative burden on the defendant to show that

# 634

relator has no right to the office, rather than having the relator show affirmatively that he has the right and entitled to the office.

Were the case one instituted by the Attorney General on behalf of the state to oust one from office, the defendant might be required to show in the first instance his right to office. But as between the relator and the defendant in this case, certainly the burden showing the right to hold the office must be borne by the relator.

In the absence of any allegations, showing the conditions under which he was appointed and the right of ▆▆▆ the court to appoint him, the relator has failed to allege a cause of action.

The demurrer will be sustained, with the right to amend, if desired.

ROSS, PJ, and MATTHEWS, J, concur.